Lake James H. Perriguey, OSB No. 983213
lake@law-works.com
LAW WORKS LLC
1906 SW Madison Street
Portland, OR  97205-1718
Telephone:  (503) 227-1928
Facsimile:  (503) 334-2340

Lea Ann Easton, OSB No. 881413
leaston@dorsayindianlaw.com
DORSAY & EASTON LLP
1 SW Columbia Street, Suite 440
Portland, OR  97204
Telephone:  (503) 790-9060
Facsimile:  (503) 790-9068

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DEANNA L. GEIGER** and **JANINE M. NELSON, ROBERT DUEHMIG** and **WILLIAM GRIESAR**,<br><br>           Plaintiffs,<br><br>     v.<br><br>**JOHN KITZHABER**, in his official capacity as Governor of Oregon, **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon, **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority,  and **RANDY WALDRUFF**, in his official capacity as Multnomah County Assessor,<br><br>           Defendants. | Case No.:  _____<br><br>COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF |

 Page 1   -   COMPLAINT

Plaintiffs Deanna Geiger and Janine Nelson, and Robert Duehmig and William Griesar complain of Defendants and allege:

## INTRODUCTION

1. Oregon's Constitution states: "*It is the policy of Oregon, and its political subdivisions, that only a marriage between one man and one woman shall be valid or legally recognized as a marriage.*" Or. Const. Art. 15 § 5a. This provision discriminates against gay and lesbian Oregonians who were married legally in other jurisdictions. This provision also discriminates against gay and lesbian Oregonians who want to marry in Oregon.

2. Oregon statutory law includes the separate and unequal institution of same-sex domestic partnerships. This domestic partnership law extends to lesbian and gay couples only some of the legal benefits of marital status that Oregon extends to heterosexual citizens who marry one another. ORS 106.300 – 106.340. Oregon's unequal treatment of gay and lesbian people denies them the fundamental liberties and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution.

3. For these reasons, Plaintiffs ask this Court to permanently enjoin all enforcement of Or. Const. Art. 15 § 5a and all other Oregon statutes that exclude gay and lesbian people from equal access to civil marriage.

4. Plaintiffs are same sex couples who bring this action pursuant to 42 U.S.C. § 1983 seeking 1) a declaration that Oregon Constitution Article 15 Section 5a is unconstitutional under the Due Process Clause and under the Equal Protection Clause of the Fourteenth Amendment to

the United States Constitution because it denies gay and lesbian people the equal opportunity to marry under state law and it denies equal state recognition of marriages between people of the same-sex, and 2) a permanent injunction preventing the Defendants from enforcing this provision of Oregon's Constitution.

5.      Plaintiffs also seek (1) a declaration that Oregon statutes, which refer to "husband and wife," and by implication restrict marriage to only a man and a woman, are unconstitutional as applied to gay and lesbian couples under the Due Process Clause and under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and 2) a permanent injunction preventing Defendants from enforcing these statutes against Plaintiffs.

6.      Plaintiffs seek equal access to marriage and the same legal recognition of their union that the State of Oregon extends to opposite-sex couples.  Plaintiffs seek access all of the federal benefits and obligations that they are denied because Oregon Constitution Section 5 Article 15 prohibits marriage between same-sex couples.

7.      Plaintiffs bring this lawsuit pursuant to 42 U.S.C. § 1983 to enforce their fundamental constitutional rights and liberties that the United States Constitution ensures for all people.  Plaintiffs also seek recovery of their attorneys' fees, costs, and expenses for this action and for any other relief the Court may order.

/ / /

/ / /

## JURISDICTION AND VENUE

8. This case raises questions under the Constitution of the United States and 42 U.S.C § 1983. This Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331 and 1343.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants Rosenblum and Kitzhaber maintain official offices in Marion County, Oregon. Venue is also proper in this district because a substantial part of the events giving rise to the claims occurred and are continuing to occur in this district.

## THE PARTIES

10. Plaintiffs Deanna Geiger and Janine Nelson are women who have been in a committed relationship for 31 years. Plaintiffs are residents of Oregon and reside in Multnomah County, Oregon. Plaintiffs want to marry one another in Oregon.

11. Plaintiffs Robert Duehmig and William Griesar are men who were married in Canada in 2003. Plaintiffs are parents of two teenagers. Plaintiffs and their children are residents of Oregon and reside in Multnomah County, Oregon. Plaintiffs Duehmig and Griesar are citizens of Oregon and desire to have the State of Oregon officially treat them the same as heterosexual couples who are Oregon citizens married under the laws of other jurisdictions and officially sanction Plaintiffs' marriage under Oregon law.

12. Defendant John Kitzhaber is the Governor of the State of Oregon. In his official capacity, the Governor is the chief executive officer of the State of Oregon. It is his responsibility to ensure that the State's laws are enforced fairly, uniformly, and constitutionally.

Defendant Kitzhaber is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

13.     Defendant Ellen Rosenblum is the Attorney General of the State of Oregon.  In her official capacity the Attorney General is the chief legal officer of the State of Oregon.  It is her duty to ensure the State's laws are enforced fairly, uniformly, and constitutionally.  Defendant Rosenblum is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

14.     Defendant Jennifer Woodward is the State Registrar of Oregon and is the manager of the Center for Health Statistics, Oregon Health Authority.  It is her duty to record all marriages along with births and deaths in the vital statistic records for the State of Oregon.  Defendant Woodward is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

15.     Defendant Randy Waldruff is the County Assessor for Multnomah County. Randy Waldruff is responsible for maintaining vital records of marriages and issuing marriage licenses in Multnomah County, Oregon.  Defendant Waldruff is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

16.     Defendants, and those subject to their supervision, direction, and control, are responsible for the enforcement of Oregon Constitution Article 15 Section 5a and all Oregon marriage statutes. The relief requested in this action is sought against each Defendant, as well as against each Defendant's officers, employees, and agents, and against all persons acting in cooperation with Defendant(s), under their supervision, at their direction, or under their control.

## **FACTS**

17.     The *Oregon Family Fairness Act* created a separate and unequal institution of same-sex "domestic partnerships." ORS 106.300 – 106.340.  These laws provide to same-sex couples many, but not all, of the benefits and obligations of marriage.

18.     Oregon's legislative findings supporting the adoption of the Act at ORS 106.305 (4) acknowledge that "[t]his state has a strong interest in promoting stable and lasting families, including the families of same-sex couples and their children" and that "[a]ll Oregon families should be provided with the opportunity to obtain necessary legal protections and status and the ability to achieve their fullest potential."

19.     In addition to creating a separate and unequal legal framework, the Act's provisions differ from the provisions in Oregon marriage statutes in the following ways:

a.      To qualify for a domestic partnership, both individuals seeking to enter into a domestic partnership must be 18 years of age.  ORS 106.325(5).  Oregon's marriage statutes, however, include a provision that 17-year-olds can marry with parental consent.   ORS 106.010.

b.      Marriage requires solemnization in front of two witnesses.  ORS 106.010, 106.150.  Domestic partnerships require no solemnization.

c.      Applicants for a domestic partnership must consent to jurisdiction of the Oregon courts, requiring the parties to consider the possibility of a future dissolution of their partnership at its very inception.  ORS 106.325(4).  State law does not force opposite-sex couples to anticipate the possibility of divorce by consenting to Oregon court jurisdiction at the time they apply for a marriage license.

Page 6   -   COMPLAINT

d.     ORS 106.041(4) provides that "[a] marriage license must contain the following statement: "Neither you nor your spouse is the property of the other. The laws of the State of Oregon affirm your right to enter into marriage and at the same time to live within the marriage free from violence and abuse." There is no similar requirement for same-sex couples applying for recognition under the domestic partnership laws.

20.    Exclusion from marriage by Oregon law undermines the Plaintiffs' abilities to achieve their life goals and dreams, threatens their mutual economic stability, and denies them equal dignity and status. Plaintiffs and their children are stigmatized and relegated to second-class citizens.

21.    Plaintiffs are identical to opposite-sex couples in all of the characteristics relevant to marriage. Same-sex couples make the same commitment to one another as different-sex couples. Like different-sex couples, same-sex couples fall in love, build their lives together, plan their futures together, and hope to grow old together. Like different-sex couples, same-sex couples support one another emotionally and financially and take care of one another physically when faced with injury or illness. Same sex couples seek the same ability to raise and nurture children like different –sex couples. Plaintiffs seek equal access to marriage for the same emotional, romantic, and dignitary reasons and to provide the same legal shelter to their families, as different-sex spouses.

22.    Oregon's discriminatory marriage laws bar same-sex couples from equal access to many of the federal benefits, protections, and obligations accessible to heterosexual married couples under federal law.

23. Plaintiffs Duehmig and Griesar are citizens of Oregon who were legally married in Vancouver, B.C., on December 29, 2003. Despite the fact that they are legally married, the Defendants refuse to recognize Plaintiffs Duehmig and Griesar as a legally married couple because they are both men. Plaintiffs Duehmig and Griesar want Defendants to accept their marriage license and desire to have the State of Oregon and Multnomah County officially treat them the same as heterosexual couples who are Oregon citizens married under the laws of other jurisdictions and officially sanction Plaintiffs' marriage under Oregon law.

24. On September 23, 2013, Plaintiffs Geiger and Nelson applied for a marriage license in Multnomah County, Oregon. Plaintiffs were denied a marriage license by the Multnomah County Clerk because they are both women.

25. Plaintiffs and their extended families suffer significant emotional, physical, and economic harms, humiliation, and societal stigma caused by Oregon's refusal to allow same sex couples equal access to marriage.

26. If Oregon Constitution Article 15 § 5a, and all Oregon statutes restricting marriage to heterosexual couples are not enjoined, Defendants will continue to enforce these unconstitutional laws against Plaintiffs, thereby depriving Plaintiffs of their constitutional rights under the Fourteenth Amendment to the United States Constitution. The relief sought requires Defendants to recognize same-sex marriage as valid as a matter of federal law within the State of Oregon. The declaratory and injunctive relief Plaintiffs seek requires Defendants to revise the official state forms for the application for license to marry, the certificate of registry of marriage including the license to marry, and the marriage certificate, and will require them to issue same-sex couples a marriage license.

## CLAIMS FOR RELIEF CLAIM ONE: DUE PROCESS

27. Plaintiffs incorporate here by reference paragraphs 1 through 30, *supra*, as if fully set forth herein.

28. Oregon Constitution Article 15 Section 5a deprives Plaintiffs' fundamental liberties that are protected by the Due Process Clause, both on its face and as applied to Plaintiffs.

29. Oregon Constitution Article 15 Section 5a deprives Plaintiffs' fundamental liberties by denying gay and lesbian individuals the right to choose who to marry and enter into officially sanctioned family relationships with their loved ones as opposite-sex individuals. Oregon stigmatizes gays, lesbians, their children and their families by denying them the same dignity, respect, and stature afforded officially recognized opposite-sex married couples by denying gay and lesbian couples equal access to marriage.

30. Insofar as they are enforcing the terms of Oregon Constitution Article 15 Section 5a and Oregon statutes that limit marriage to husband and wife, Defendants, acting under color of state law, are depriving and will continue to deprive Plaintiffs of numerous rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

## CLAIM TWO: EQUAL PROTECTION

31. Plaintiffs incorporate here by reference paragraphs 1 through 30, *supra*, as if fully set forth herein.

32.     Oregon Constitution Article 15 Section 5a and all Oregon statutes referring to marriage and describing individuals in a marriage only as "husband" and "wife" violate the Equal Protection Clause of the Fourteenth Amendment, both on its face and as applied to Plaintiffs.

33.     Oregon Constitution Article 15 Section 5a and all Oregon statutes referring to marriage and describing only "husband" and "wife" restrict civil marriage to individuals of the opposite sex.  Plaintiffs are therefore unable to marry one another.  Oregon law treats similarly situated people differently without legal justification by providing civil marriage to heterosexual couples but not to gay and lesbian couples.

34.     Oregon Constitution Article 15 Section 5a and all state statutes to the extent they limit marriage to heterosexuals violate the Equal Protection Clause because they discriminate on the basis of sex.  These legal provisions distinguish between couples consisting of a man and a woman and couples consisting of individuals of the same sex.

35.     Insofar as they are enforcing the terms of Oregon Constitution Article 15 Section 5a and Oregon statutes that limit marriage to husband and wife, Defendants, acting under color of state law, are depriving and will continue to deprive Plaintiffs of numerous rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

**IRREPARABLE INJURY**

36.     Plaintiffs incorporate here by reference paragraphs 1 through 30, *supra*, as if fully set forth herein.

37. Plaintiffs are now severely and irreparably injured by Oregon Constitution Article 15 Section 5a and by Oregon statutes that limit marriage to husband and wife. These state laws violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. Plaintiffs' injuries will be redressed only if this Court declares these laws unconstitutional and enjoins Defendants from enforcing them.

38. An actual and judicially cognizable controversy exists between Plaintiffs and Defendants regarding whether Oregon Constitution Article 15 Section 5a and Oregon statutes that limit marriage to husband and wife violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Defendants are currently enforcing these state laws to Plaintiffs' detriment.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request judgment as follows:

1. Plaintiffs respectfully request that this Court, pursuant to 28 USC § 2201, construe Oregon Constitution Article 15 Section 5a and Oregon statutes that limit marriage to husband and wife as unconstitutional and enter a declaratory judgment stating that laws that bar or in any way impede same-sex marriage violate Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983;

2. Plaintiffs respectfully request that this Court enter a permanent injunction enjoining enforcement or application of Oregon Constitution Article 15 Section 5a and Oregon

      statutes that limit marriage to husband and wife or bar same-sex marriage in any manner;

3.    Plaintiffs respectfully request that Defendants Woodward and Waldruff accept applicants for marriage licenses from same sex couples, grant marriage licenses to same sex couples and record same sex marriage licenses within the Vital Statistic records for the State of Oregon;

4.    Plaintiffs respectfully request costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988, and all further relief to which they are entitled; and

5.    Such other relief as the Court deems appropriate.

DATED this 15th day of October 2013.

                                      By: s/ Lake James H. Perriguey
                                            Lake James H. Perriguey, OSB No. 983213

                                            LAW WORKS LLC
                                            1906 SW Madison Street
                                            Portland, OR  97205-1718
                                            Telephone:  (503) 227-1928
                                            Facsimile:  (503) 334-2340
                                            lake@law-works.com

                                        By: s/ Lea Ann Easton
                                            Lea Ann Easton, OSB No. 881413

                                            DORSAY & EASTON LLP
                                            1 SW Columbia Street, Suite 440
                                            Portland, OR  97204
                                            Telephone:  (503) 790-9060
                                            Facsimile:  (503) 790-9068
                                            leaston@dorsayindianlaw.com

                                           Attorneys for Plaintiffs