Lake James H. Perriguey, OSB No. 983213
lake@law-works.com
LAW WORKS LLC
1906 SW Madison Street
Portland, OR  97205-1718
Telephone:  (503) 227-1928
Facsimile:  (503) 334-2340

Lea Ann Easton, OSB No. 881413
leaston@dorsayindianlaw.com
DORSAY & EASTON LLP
1 SW Columbia Street, Suite 440
Portland, OR  97204
Telephone:  (503) 790-9060
Facsimile:  (503) 790-9068

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DEANNA L. GEIGER** and **JANINE M. NELSON, ROBERT DUEHMIG** and **WILLIAM GRIESAR**,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>**JOHN KITZHABER**, in his official capacity as Governor of Oregon, **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon, **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority,  and **RANDY WALDRUFF**, in his official capacity as Multnomah County Assessor,<br><br>　　　　Defendants. | Case No.:   6:13-cv-01834-MC<br><br>FIRST AMENDED COMPLAINT FOR DECLARATORY, INJUNCTIVE, OR OTHER RELIEF |

Page 1   -   FIRST AMENDED COMPLAINT

Plaintiffs Deanna Geiger and Janine Nelson, and Robert Duehmig and William Griesar complain of Defendants and allege:

## INTRODUCTION

1. Oregon's Constitution states: *"It is the policy of Oregon, and its political subdivisions, that only a marriage between one man and one woman shall be valid or legally recognized as a marriage."* Oregon Constitution Article 15 § 5a. This provision discriminates against gay and lesbian Oregonians who were married legally in other jurisdictions. This provision also discriminates against gay and lesbian Oregonians who want to marry in Oregon.

2. Oregon statutes, e.g. Oregon Revised Statutes § 106.041 and §106.150 that refer to "husband" and "wife" have been interpreted to exclude same-sex couples from civil marriage in Oregon.

3. Oregon statutory law includes the separate and unequal institution of same-sex domestic partnerships. This domestic partnership law extends to lesbian and gay couples only some of the legal benefits of marital status that Oregon extends to heterosexual citizens who marry one another. ORS 106.300 – 106.340. Oregon's unequal treatment of gay and lesbian people denies them the fundamental liberties and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution.

4. For these reasons, Plaintiffs ask this Court to permanently enjoin the application of Article 15 § 5a of the Oregon Constitution and the application and enforcement of Oregon statutes in a manner that excludes gay and lesbian people from equal access to civil marriage.

5. Plaintiffs are same sex couples who bring this action pursuant to 42 U.S.C. § 1983 seeking a declaration that Article 15 § 5a of the Oregon Constitution is unconstitutional under the Due Process Clause and under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution because it denies gay and lesbian people the equal opportunity to marry under state law and it denies equal state recognition of marriages between people of the same-sex, and a permanent injunction preventing the Defendants from enforcing this provision of Oregon's Constitution.

6. Plaintiffs also seek a declaration that Oregon statutes identified herein which refer to "husband and wife," and by implication restrict marriage to only a man and a woman, are unconstitutional as applied to same-sex couples under the Due Process Clause and under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and a permanent injunction preventing Defendants from enforcing these statutes that exclude Plaintiffs from equal access to marriage.

7. Plaintiffs seek equal access to marriage and the same legal recognition of their union that the State of Oregon extends to opposite-sex couples. Plaintiffs seek access all of the federal benefits and obligations that they are denied because of Article 15 § 5a of the Oregon Constitution.

8. Plaintiffs bring this lawsuit pursuant to 42 U.S.C. § 1983 to enforce their fundamental constitutional rights and liberties that the United States Constitution ensures for all people. Plaintiffs also seek recovery of their attorneys' fees, costs, and expenses for this action and for any other relief the Court may order.

/ / /

/ / /

## JURISDICTION AND VENUE

9. This case raises questions under the Constitution of the United States and 42 U.S.C § 1983. This Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331 and 1343.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants Rosenblum and Kitzhaber maintain official offices in Marion County, Oregon. Venue is also proper in this district because a substantial part of the events giving rise to the claims occurred and are continuing to occur in this district.

## THE PARTIES

11. Plaintiffs Deanna Geiger and Janine Nelson are women who have been in a committed relationship for 31 years. Plaintiffs are residents of Oregon and reside in Multnomah County, Oregon. Plaintiffs want to marry one another in Oregon.

12. Plaintiffs Robert Duehmig and William Griesar are men who were married in Canada in 2003. Plaintiffs are parents of two teenagers. Plaintiffs and their children are residents of Oregon and reside in Multnomah County, Oregon. Plaintiffs Duehmig and Griesar are citizens of Oregon and desire to have the State of Oregon officially treat them the same as heterosexual couples who are Oregon citizens married under the laws of other jurisdictions and officially sanction Plaintiffs' marriage under Oregon law.

13. Defendant John Kitzhaber is the Governor of the State of Oregon. In his official capacity, the Governor is the chief executive officer of the State of Oregon. It is his responsibility to ensure that the State's laws are enforced fairly, uniformly, and constitutionally.

Defendant Kitzhaber is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

14.     Defendant Ellen Rosenblum is the Attorney General of the State of Oregon.  In her official capacity the Attorney General is the chief legal officer of the State of Oregon.  It is her duty to ensure the State's laws are enforced fairly, uniformly, and constitutionally.  Defendant Rosenblum is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

15.     Defendant Jennifer Woodward is the State Registrar of Oregon and is the manager of the Center for Health Statistics, Oregon Health Authority.   It is her duty to record all marriages along with births and deaths in the vital statistic records for the State of Oregon.  Defendant Woodward is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

16.     Defendant Randy Waldruff is the County Assessor for Multnomah County. Randy Waldruff is responsible for maintaining vital records of marriages and issuing marriage licenses in Multnomah County, Oregon.  Defendant Waldruff is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this complaint.

17.     Defendants, and those subject to their supervision, direction, and control, are responsible for the enforcement of Oregon Constitution Article 15 § 5a and Oregon laws. The relief requested in this action is sought against each Defendant, as well as against each Defendant's officers, employees, and agents, and against all persons acting in cooperation with Defendant(s), under their supervision, at their direction, or under their control.

/ / /

/ / /

## FACTS

18. The *Oregon Family Fairness Act* created a separate and unequal institution of same-sex "domestic partnerships." ORS 106.300 – 106.340. These laws provide to same-sex couples many, but not all, of the benefits and obligations of marriage.

19. Oregon's legislative findings supporting the adoption of the Act at ORS 106.305(4) acknowledge that "[t]his state has a strong interest in promoting stable and lasting families, including the families of same-sex couples and their children" and that "[a]ll Oregon families should be provided with the opportunity to obtain necessary legal protections and status and the ability to achieve their fullest potential."

20. In addition to creating a separate and unequal legal framework, the Act's provisions differ from the provisions in Oregon marriage statutes in the following ways:

   a. To qualify for a domestic partnership, both individuals seeking to enter into a domestic partnership must be 18 years of age. ORS 106.325(5). Oregon's marriage statutes, however, include a provision that 17-year-olds can marry with parental consent. ORS 106.010.

   b. Marriage requires solemnization in front of two witnesses. ORS 106.010, 106.150. Domestic partnerships require no solemnization.

   c. Applicants for a domestic partnership must consent to jurisdiction of the Oregon courts, requiring the parties to consider the possibility of a future dissolution of their partnership at its very inception. ORS 106.325(4). State law does not force opposite-sex couples to anticipate the possibility of divorce by consenting to Oregon court jurisdiction at the time they apply for a marriage license.

   d. ORS 106.041(4) provides that "[a] marriage license must contain the following statement: "Neither you nor your spouse is the property of the other. The laws of the State of

Page 6   -   FIRST AMENDED COMPLAINT

Oregon affirm your right to enter into marriage and at the same time to live within the marriage free from violence and abuse." There is no similar requirement for same-sex couples applying for recognition under the domestic partnership laws.

21. Article 15 § 5a of Oregon's Constitution defines marriage as between one man and one woman.

22. The following Oregon marital laws refer to "husband" and "wife":  ORS 106.020, Prohibited and void marriage;  ORS 106. 041, Marriage License; application; record;  ORS  106.150 Form of solemization; witnesses; solemnization before congregation;   ORS 108.010, Removal of wife's civil disabilities; wife's civil rights same as husband's;  ORS 108.020, Nonliability for other spouse's obligations;  ORS 108.030, Liability of husband for civil injuries caused by wife;   ORS 108.040, Liability of parents for expenses of family and education of children;  ORS 108.045,  Liability of stepparent for expenses of family and education of children;  ORS 108.050, Nonliability of wife's property for husbands obligations;  ORS 108.060, Noninterest of one spouse in property of other;  ORS 108.080, Civil remedies between spouses in respect of separate property;   ORS 108.090, Conveyances, transfers and liens between spouses; creation and dissolution of estates by entireties; validation of prior dissolutions;  ORS 108.100, Husband and wife as attorney in fact for each other;   ORS 108.110, Petition for support of spouse and children; rules,  ORS 108.510,  Revocation of election to come under terms of Community Property law of 1943;  ORS 108.530, Removal of community property status by agreement;  and,  ORS 108.550, Reliance on spouse's right to deal with property in spouse's name.  The Oregon Evidence Code also uses the terms "husband" and "wife" :  ORS  40.135, Rule 311, Presumptions;  and  ORS n 40.255, Rule 505, Husband and wife privilege.  Defendants, relying upon the definition of marriage as between one man and one woman under

Page 7   -   FIRST AMENDED COMPLAINT

Article 15 § 5a of Oregon Constitution, interpret the terms "husband" and "wife" in these state laws to exclude same-sex couples from marriage and the privileges, benefits and obligations for married persons created under these state laws.

      23.     Exclusion from marriage by Oregon law undermines the Plaintiffs' abilities to achieve their life goals and dreams, threatens their mutual economic stability, and denies them equal dignity and status. Plaintiffs and their children are stigmatized and relegated to second-class citizens.

      24.     Plaintiffs are identical to opposite-sex couples in all of the characteristics relevant to marriage. Same-sex couples make the same commitment to one another as opposite-sex couples. Like opposite-sex couples, same-sex couples fall in love, build their lives together, plan their futures together, and hope to grow old together. Like opposite-sex couples, same-sex couples support one another emotionally and financially and take care of one another physically when faced with injury or illness. Same sex couples seek the same ability to raise and nurture children like opposite–sex couples. Plaintiffs seek equal access to marriage for the same emotional, romantic, and dignitary reasons and to provide the same legal shelter to their families, as opposite-sex spouses.

      25.     Oregon's discriminatory marriage laws bar same-sex couples from equal access to many of the federal benefits, protections, and obligations accessible to heterosexual married couples under federal law.

      26.     Plaintiffs Duehmig and Griesar are citizens of Oregon who were legally married in Vancouver, B.C., on December 29, 2003. Despite the fact that they are legally married, the Defendants refuse to recognize Plaintiffs Duehmig and Griesar as a legally married couple because they are both men. Plaintiffs Duehmig and Griesar want Defendants to accept their

marriage license and desire to have the State of Oregon and Multnomah County officially treat them the same as heterosexual couples who are Oregon citizens married under the laws of other jurisdictions and officially sanction Plaintiffs' marriage under Oregon law.

27. On September 23, 2013, Plaintiffs Geiger and Nelson applied for a marriage license in Multnomah County, Oregon. Plaintiffs were denied a marriage license by the Multnomah County Clerk because they are both women.

28. Plaintiffs and their extended families suffer significant emotional, physical, and economic harms, humiliation, and societal stigma caused by Oregon's refusal to allow same sex couples equal access to marriage.

29. If Oregon Constitution Article 15 § 5a is not declared unconstitutional, and if Oregon statutes restricting marriage to heterosexual couples are not enjoined from application in a manner that excludes plaintiffs from access to marriage solely because they are same-sex couples, Defendants will continue to enforce these unconstitutional laws against Plaintiffs, thereby depriving Plaintiffs of their constitutional rights under the Fourteenth Amendment to the United States Constitution. The relief sought requires Defendants to recognize same-sex marriage as valid as a matter of federal law within the State of Oregon. The declaratory and injunctive relief Plaintiffs seek requires Defendants to revise the official state forms for the application for license to marry, the certificate of registry of marriage including the license to marry, and the marriage certificate, require them to issue same-sex couples a marriage license, and extend to same sex couples the same privileges, benefits and obligations extended to "husband" and "wife" under state law.

/ / /

/ / /

## CLAIMS FOR RELIEF CLAIM ONE: DUE PROCESS

30. Plaintiffs incorporate here by reference paragraphs 1 through 29, *supra*, as if fully set forth herein.

31. Oregon Constitution Article 15 § 5a deprives Plaintiffs' fundamental liberties that are protected by the Due Process Clause, both on its face and as applied to Plaintiffs.

32. Oregon Constitution Article 15 § 5a deprives Plaintiffs' fundamental liberties by denying gay and lesbian individuals the right to choose whom to marry. Oregon laws stigmatizes gays, lesbians, their children and their families by denying them the same dignity, respect, and stature afforded officially recognized opposite-sex married couples by denying gay and lesbian couples equal access to marriage.

33. Oregon Revised Statutes create a statutory presumption that marriage is permitted only to "husband" and "wife" and certain benefits, obligations and privileges afforded to "husband" and "wife" are created by the provisions of Oregon laws identified herein.

34. Insofar as Defendants are enforcing the of Oregon Constitution Article 15 § 5a to one man and one woman and applying and enforcing the Oregon statutes identified herein using the terms " husband" and "wife" as limited to a man and a woman, Defendants, acting under color of state law, are depriving and will continue to deprive Plaintiffs of numerous rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

35. Oregon Constitution Article 15 § 5a and the state laws identified herein relying on the terms "husband" and "wife" to exclude marriage from same-sex couples or prevent recognition of marriages because they were entered by individuals of the same sex violate the due process clause of the Fourteenth Amendment both facially and as applied to Plaintiffs.

## CLAIM TWO: EQUAL PROTECTION

36.    Plaintiffs incorporate here by reference paragraphs 1 through 35 *supra*, as if fully set forth herein.

37.    Plaintiffs state this cause of action against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

38.    The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall deny to any person the equal protection of the laws. The conduct of Defendants and their agents in enforcing Oregon Constitution Article 15, § 5a, and the provisions of Oregon laws identified herein which reference "husband" and "wife" that exclude marriage for same-sex couples and restrict them solely to registered domestic partnership, violate Plaintiffs' right to equal protection of the laws by discriminating impermissibly on the basis of sexual orientation.

39.    Oregon Constitution Article 15 § 5a, and the provisions of Oregon laws identified herein which reference "husband" and "wife" that preclude marriage for same-sex couples or prevent recognition of marriages because they were entered by individuals of the same sex violate the equal protection guarantee of the Fourteenth Amendment both facially and as applied to Plaintiffs.

40.    Oregon Constitution Article 15 § 5a and the Oregon statutes identified herein as referencing "husband" and "wife" that restrict civil marriage to individuals of the opposite sex treats similarly situated people differently without legal justification providing civil marriage to opposite- sex couples but not to same -sex couples.

41.    Oregon Constitution Article 15 § 5a and all state statutes to the extent they limit marriage to heterosexuals violate the Equal Protection Clause because they discriminate on the

basis of sex.  These legal provisions distinguish between couples consisting of a man and a woman and couples consisting of individuals of the same sex.

42. Oregon stigmatizes gays, lesbians, their children and their families by denying them the same dignity, respect, and stature afforded officially recognized opposite-sex married couples by denying gay and lesbian couples equal access to marriage.  Insofar as they are enforcing Oregon Constitution Article 15 § 5a and Oregon statutes herein which limit marriage to husband and wife, Defendants, acting under color of state law, are depriving and will continue to deprive Plaintiffs of numerous rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

## IRREPARABLE INJURY

43. Plaintiffs incorporate here by reference paragraphs 1 through 42, *supra*, as if fully set forth herein.

44. Plaintiffs are now severely and irreparably injured by Oregon Constitution Article 15 § 5a and by Oregon statutes that limit marriage to husband and wife. These state laws violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.  Plaintiffs' injuries will be redressed only if this Court declares Oregon Constitution Article 15 § 5a unconstitutional and Oregon laws identified herein that would limit marriage to only opposite-sex couples unconstitutional as applied to Plaintiffs, and enjoins Defendants from enforcing them.

45. An actual and judicially cognizable controversy exists between Plaintiffs and Defendants regarding whether Oregon Constitution Article 15 § 5a and Oregon statutes

identified herein that limit marriage to husband and wife violate the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Defendants are currently enforcing these state laws to Plaintiffs' detriment.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request:

1.  the Court pursuant to 28 U.S.C.§2201 enter a declaratory judgment that Article 15 § 5a of the Oregon Constitution violates Plaintiffs' rights under the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution; and, declaring that it is unconstitutional for Defendants to refuse, based solely on the fact that Plaintiffs are same-sex couples, to recognize Plaintiffs' out-of-state valid marriages as marriages in Oregon;

2.  the Court issue a permanent injunction enjoining Defendants denying Plaintiffs and all other same-sex couples the right to marry in Oregon and enjoining Defendants from interpreting "husband" and "wife" to exclude same-sex couples from the privileges, benefits and obligations afforded opposite-sex married couples created under the state laws identified herein; and, enjoining Defendants from recognizing marriages validly entered into by Plaintiffs Duehmig and Griesar and other same-sex couples in another jurisdiction;

3.  Plaintiffs respectfully request costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988, and all further relief to which they are entitled; and

/ / /

/ / /

    4.    Such other relief as the Court deems appropriate.

DATED this 4th day of December 2013.

    By: s/ Lake James H. Perriguey
        Lake James H. Perriguey, OSB No. 983213

        LAW WORKS LLC
        1906 SW Madison Street
        Portland, OR  97205-1718
        Telephone:  (503) 227-1928
        Facsimile:  (503) 334-2340
        lake@law-works.com

    By: s/ Lea Ann Easton
        Lea Ann Easton, OSB No. 881413

        DORSAY & EASTON LLP
        1 SW Columbia Street, Suite 440
        Portland, OR  97204
        Telephone:  (503) 790-9060
        Facsimile:  (503) 790-9068
        leaston@dorsayindianlaw.com

        Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filings to all parties registered in the CM/ECF system for this matter. I also certify that I e-mailed the foregoing to the following parties:

    Sheila Potter, Deputy Chief Counsel
    Oregon Department of Justice
    Sheila.potter@doj.state.or.us
        Counsel for Defendants Rosenblum, Woodward, and Kitzhaber

    Katharine von Ter Stegge
    Multnomah County Attorney's Office
    katharine.von.terstegge@co.multnomah.or.us
        Counsel for Defendant Waldruff

**DORSAY & EASTON, LLP**

By:    s/ Lea Ann Easton
        Lea Ann Easton, OSB #881413
        1 S.W. Columbia Street, Suite 440
        Portland, OR 97258-2005
        Phone: (503) 790-9060
        Fax: (503) 790-9068
        E-Mail: leaston@dorsayindianlaw.com