ELLEN F. ROSENBLUM
Attorney General
MARY H. WILLIAMS #911241
Deputy Attorney General
SHEILA H. POTTER  #993485
Deputy Chief Trial Counsel
Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Sheila.Potter@doj.state.or.us
           mary.williams@doj.state.or.us

Attorneys for State Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEANNA L. GEIGER** and **JANINE M. NELSON, ROBERT DUEHMIG** and **WILLIAM GRIESAR**,<br><br>Plaintiffs,<br><br>v.<br><br>**JOHN KITZHABER,** in his official capacity as Governor of Oregon, **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon, **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority, and **RANDY WALDRUFF**, in his official capacity as Multnomah County Assessor,<br><br>Defendants. | Case No.  6:13-cv-01834-MC<br><br>STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE |

Defendants John Kitzhaber, Ellen Rosenblum, and Jennifer Woodward (collectively

"State Defendants" or "the State") respond to plaintiffs' allegations stated in their Complaint for

Page 1 -   STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE
SP3/cjw/4831770-v2

Declaratory, Injunctive, or Other Relief as set forth below. References to paragraphs in this Answer are references to the numbered paragraphs in the Complaint.

<u>**INTRODUCTION**</u>

1.        In response to paragraph 1, the State admits that Article 15, § 5a of the Oregon Constitution states that "It is the policy of Oregon, and its political subdivisions, that only a marriage between one man and one woman shall be valid or legally recognized as marriage." The balance of paragraph 1 states conclusions of law and not factual allegations to which an answer is required; thus, the State makes no further response to paragraph 1, as none is required.

2.        The State admits that same-sex couples may not legally wed in Oregon, under existing law. The balance of paragraph 2 consists of legal conclusions, to which no response is required and none is made.

3.        In response to paragraph 3, the State admits that Oregon's domestic partnership law extends to lesbian and gay couples who enter into such partnerships only some of the legal benefits of marital status that Oregon extends to heterosexual married couples.   The balance of paragraph 3 states conclusions of law and not factual allegations; the State makes no further response to paragraph 3, as none is required.

4.        Paragraph 4 describes the relief sought.  The State admits that plaintiffs seek this relief.

5.        In response to paragraph 5, the State admits that plaintiffs are same-sex couples. The balance of paragraph 5 describes the nature of this lawsuit and the relief sought.  The State admits that plaintiffs seek this relief.  The balance of paragraph 5 alleges legal conclusions, to which no answer is required and none is made.

6.        Paragraph 6 further describes the nature of this lawsuit and the relief sought.   The State admits that plaintiffs seek this relief.  The balance of paragraph 6 alleges legal conclusions, to which no answer is required and none is made.

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

7.      Paragraph 7 further describes the nature of this lawsuit and the relief sought.   The State admits that plaintiffs seek this relief.  The balance of paragraph 7 alleges legal conclusions, to which no answer is required and none is made.

8.      Paragraph 8 further describes the nature of this lawsuit and the relief sought.   The State admits that plaintiffs seek this relief.  The balance of paragraph 8 alleges legal conclusions, to which no answer is required and none is made.

## JURISDICTION AND VENUE

9.      Paragraph 9 alleges legal conclusions, to which no answer is required and none is made. The State does not contest the Court's jurisdiction over this case.

10.      In response to paragraph 10, the State admits that Defendants Rosenblum and Kitzhaber maintain official offices in Marion County, Oregon, and that a substantial part of the events giving rise to the claims occurred and are continuing to occur in the District of Oregon. The balance of paragraph 10 alleges legal conclusions, to which no answer is required and none is made. The State does not dispute that venue is proper.

## THE PARTIES

11.      The State admits that plaintiffs wish to be married in Oregon.  The State neither admits nor denies the balance of paragraph 11 at this time, as it lacks sufficient knowledge.

12.      The State neither admits nor denies the allegations of paragraph 12 at this time, as it lacks sufficient knowledge.

13.      The State admits the first two sentences of paragraph 13.  The balance of paragraph 13 alleges legal conclusions, to which no answer is required and none is made.

14.      The State admits the first two sentences of paragraph 14.  The balance of paragraph 14 alleges legal conclusions, to which no answer is required and none is made.

15.      The State admits the first sentence of paragraph 15.  The balance of paragraph 15 alleges legal conclusions, to which no answer is required and none is made.

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

16.      The State admits the first sentence of paragraph 16.  The balance of paragraph 16 alleges legal conclusions, to which no answer is required and none is made.

17.      The first sentence of paragraph 17 states legal conclusions, to which no answer is required.  The balance of paragraph 17 describes the relief sought.

## FACTS

18.      The State admits that the Oregon Family Fairness Act ("the Act") created a new domestic partnership status for same-sex couples, and admits that a registered domestic partnership under the Act provides many but not all of the benefits and obligations of marriage. The balance of paragraph 18 alleges legal conclusions, to which no answer is required and none is made.

19.      Paragraph 19 quotes portions of ORS 106.305, the terms of which speak for themselves.

20.      In response to paragraph 20, the State admits that the Act's provisions differ from certain provisions in Oregon marriage statutes. Those statutes speak for themselves.

21.      Paragraph 21 states a legal conclusion, to which no answer is required and none is made. The Oregon Constitution speaks for itself.

22.      Paragraph 22 consists of a list of statutes and legal conclusions, to which no answer is required and none is made. The statutes speak for themselves.

23.      The State neither admits nor denies the allegations of paragraph 23 at this time, as it lacks knowledge sufficient to form a belief as to how exclusion from marriage by Oregon law has affected these particular plaintiffs.

24.      The State lacks sufficient knowledge to admit or deny the practical and emotional relationship of every same-sex couple or every opposite-sex couple, and denies that it is possible to categorically capture the individual relationships of multitudes, and it therefore cannot either admit or deny the first five sentences of paragraph 24. The State likewise lacks knowledge regarding the precise relationship characteristics of the four Plaintiffs in this case and therefore

Page 4 -    STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE
SP3/cjw/4831770-v2

cannot admit or deny the first sentence. The last sentence of paragraph 24 describes the relief sought, to which no answer is required.

25.    Paragraph 25 alleges legal conclusions, to which no answer is required and none is made.

26.    The State lacks information sufficient to admit or deny the first sentence in paragraph 26 and therefore makes no answer. The State Defendants deny the allegation that they "refuse to recognize Plaintiffs Duehmig and Griesar as a legally married couple"; Exhibit A to this Answer reflects the direction given to Oregon state agencies by the State's Chief Operating Officer, and the State incorporates his direction into its response. The remainder of paragraph 26 describes the relief sought, to which no answer is required.

27.    The State neither admits nor denies the allegations of paragraph 27 at this time, as it lacks sufficient knowledge.

28.    The State neither admits nor denies the allegations of paragraph 28 at this time, as it lacks sufficient knowledge as to how Oregon's laws have affected these particular plaintiffs and their extended families.

29.    The State Defendants admit that they have legal obligations to enforce and carry out Oregon laws and the Oregon Constitution, absent a court order to the contrary or a determination (as in Exhibit A) that the laws are unenforceable. The balance of paragraph 29 describes the relief sought or states legal conclusions; no response is required, and none is made.

## (CLAIM ONE: DUE PROCESS)

30.    The State repeats and incorporates its responses to paragraphs 1-29 above.

31.    Paragraph 31 alleges legal conclusions, to which no answer is required and none is made.

32.    Paragraph 32 alleges legal conclusions, to which no answer is required and none is made.

Page 5 -    STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE
SP3/cjw/4831770-v2

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

33.      Paragraph 33 alleges legal conclusions, to which no answer is required and none is made.

34.      Paragraph 34 alleges legal conclusions, to which no answer is required and none is made.

35.      Paragraph 35 alleges legal conclusions, to which no answer is required and none is made.

## (CLAIM TWO: EQUAL PROTECTION)

36.      The State responds to paragraph 36 as admitted, denied or otherwise addressed in paragraphs 1-35 above.

37.      Paragraph 37 states the legal relief sought. No answer is required and none is made.

38.      Paragraph 38 alleges legal conclusions, to which no answer is required and none is made.

39.      Paragraph 39 alleges legal conclusions, to which no answer is required and none is made.

40.      Paragraph 40 alleges legal conclusions, to which no answer is required and none is made.

41.      Paragraph 41 alleges legal conclusions, to which no answer is required and none is made.

42.      Paragraph 42 alleges legal conclusions, to which no answer is required and none is made.

## (IRREPARABLE INJURY)

43.      The State responds to paragraph 43 as admitted, denied, or otherwise addressed in paragraphs 1-42 above.

44.      Paragraph 44 alleges legal conclusions, to which no answer is required and none is made.

Page 6 -    STATE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSE
SP3/cjw/4831770-v2

45.     In response to Paragraph 45, the State admits that it is currently enforcing Article 15, Section 5a of the Oregon Constitution and Oregon statutes that limit marriage to husband and wife, with one exception. As articulated in Exhibit A, the Executive Branch agencies of the State have been directed to recognize all legal out-of-state marriages as valid, including same-sex marriages, for purposes of administering state programs. The remainder of Paragraph 45 alleges legal conclusions, to which no answer is required and none is made.

46.     The balance of the complaint describes plaintiffs' requested relief, and alleges legal conclusions, to which no answer is required and none is made.

47.     Any allegations not expressly admitted herein are denied.

48.     Throughout this Answer, the State has declined to provide responses to statements that are conclusions of law.  With respect to these statements of conclusions of law in the complaint, the State recognizes that significant and serious questions exist as to the legal defensibility of laws that deny same-sex couples the opportunity to enter into civil marriage in Oregon.  These legal questions are ultimately for the Court to decide.

### FIRST AFFIRMATIVE DEFENSE

(Eleventh-Amendment Immunity Against Money Damages Claims)

49.     To the extent plaintiffs seek money damages against the State, any such claims fail, as State Defendants are immune from claims for damages under the doctrine of Eleventh-Amendment Immunity.

DATED December __13__, 2013.          Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_____s/ Sheila H. Potter_____
MARY H. WILLIAMS #911241
Deputy Attorney General
SHEILA H. POTTER #993485
Deputy Chief Trial Counsel
Mary.Williams@doj.state.or.us
Sheila.Potter@doj.state.or.us
Of Attorneys for State Defendants

Department of Justice
1515 SW Fifth Ave, Suite 410
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000