JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY
Jenny M. Madkour, OSB No. 98298
County Attorney
Katharine von Ter Stegge, OSB No. 032300
501 S.E. Hawthorne Blvd., Suite 500
Portland, Oregon 97214-3587
Telephone:  (503) 988-3138
Facsimile:  (503) 988-3377
E-mail:	jenny.m.madkour@multco.us
	katevts@multco.us
   Of Attorneys for Defendant Randy Walruff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Eugene Division

| | |
|---|---|
| **DEANNE L. GEIGER** and **JANINE M. NELSON, ROBERT DUEHMIG** and **WILLIAM GRIESAR,**<br><br>            Plaintiffs,<br><br>      v.<br><br>**JOHN KITZHABER,** in his official capacity as Governor of Oregon, **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon, **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center of Health Statistics, Oregon Health Authority, and **RANDY WALRUFF**, in his official capacity as Multnomah County Assessor,<br><br>            Defendants. | Civil No. 6:13-CV-01834-MC<br><br><br>DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT |

/// /// ///

/// /// ///

Page 1 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
            TO PLAINTIFFS' FIRST AMENDED COMPLAINT

While the rights and ability of same-sex couples to marry is of critical importance in all of the United States of America, this case arises under a factual and legal history unique to Oregon. Multnomah County finds itself in the unavoidable position of being subject to suit for currently failing to issue marriage licenses to same-sex couples, despite its history of issuing marriage licenses to same sex-couples. None of Oregon's 36 counties issue marriage licenses to same-sex couples because of the Oregon Supreme Court's ruling in *Li et al. v State*, 338 Or. 376 (2005), and because of the prohibition on same-sex marriage contained in Article 15 § 5a of the Oregon Constitution.

On March 3, 2004, Multnomah County began issuing marriage licenses to same-sex couples on the advice of the Multnomah County Attorney. Multnomah County ultimately issued more than 3000 licenses to same-sex couples in 2004. Multnomah County - together with nine same-sex couples, Basic Rights Oregon, and the American Civil Liberties Union - then sued the State of Oregon for declaratory and injunctive relief, arguing that certain state statutes describing marriage as between a husband and a wife violated Article I §20 of the Oregon Constitution prohibiting discrimination on the basis of sexual orientation or gender *(Li et al. v. State)*. Prevailing in that case would have allowed Multnomah County to continue to issue marriage licenses to same-sex couples. Multnomah County and the other plaintiffs prevailed at the trial court level, but the defendants appealed the judgment. In November 2004, voters passed Measure 36, amending the Oregon Constitution to define marriage as between one man and one woman. That amendment is set forth in Article 15 § 5a of the Oregon Constitution. In December 2004, the Supreme Court of Oregon heard argument in *Li et al. v. State*, ultimately

Page 2 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Rm. 500
Portland, Oregon 97214-3587
(503) 988-3138

deciding in 2004 that Multnomah County lacked authority to issue the marriage licenses. Only after being directed to stop by the Supreme Court and the electorate, did Multnomah County stop issuing marriage licenses to same-sex couples.

In Answer to Plaintiffs' Complaint, Defendant Walruff admits, denies, and alleges as follows:

1.

Paragraph 1 states a legal conclusion for which no response is necessary. To the extent the remaining allegations of Paragraph 1 require a response, Defendant states that he lacks knowledge or information sufficient to admit or deny the allegations.

2.

In response to Paragraph 2 of the Amended Complaint, Defendant admits that O.R.S. 106.041 and 106.150 contain the language cited by Plaintiffs. Defendant denies assertions about how they have been interpreted in the past for lack of knowledge sufficient to admit or deny the allegations.

3.

In response to the allegations in Paragraph 3 of the Amended Complaint, as stated they are legal conclusions which require no response from Defendant. To the extent the remaining allegations of Paragraph 3 require a response, Defendant states that he lacks knowledge or information sufficient to admit or deny the allegations.

/// /// ///

/// /// ///

/// /// ///

4.

In response to Paragraph 4 of the Amended Complaint, Defendant admits that Plaintiffs request this Court to permanently enjoin the application of Article 15 § 5a of the Oregon Constitution and the application and enforcement of Oregon statutes in a manner that excludes gay and lesbian people from equal access to civil marriage.

5.

In response to Paragraph 5 of the Amended Complaint, Defendant admits that Plaintiffs have identified themselves as same-sex couples, though Defendant has no personal knowledge to that effect.  Defendant admits that Plaintiffs bring this action as alleged.

6.

In response to Paragraph 6 of the Amended Complaint, Defendant admits that Plaintiffs also seek a declaration and permanent injunction as alleged.  The remainder of Paragraph 6 states a legal conclusion for which no response is necessary.

7.

In response to Paragraph 7 of the Amended Complaint, Defendant admits that Plaintiffs state they are seeking equal access as alleged.  The remainder of Paragraph 7 states a legal conclusion for which no response is necessary.

8.

In response to Paragraph 8 of the Amended Complaint, Defendant admits that Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983 and recover their attorney's fees, costs, and expenses as alleged.

9.

In response to Paragraph 9 of the Amended Complaint, Defendant admits this case raises important federal constitutional questions and is brought pursuant to 42 U.S.C. § 1983. The remainder of paragraph 9 states legal conclusion for which no responsive pleading is necessary.

10.

In response to Paragraph 10 of the Amended Complaint, Defendant admits that venue is proper pursuant to 28 U.S.C. §1391(b). Defendant admits that Defendants Rosenblum and Kitzhaber maintain official offices in Marion County, Oregon and further, that events alleged to have occurred in the Amended Complaint took place, and continue to take place, in this district.

11.

Defendant denies the allegations set forth in Paragraph 11 for lack of information sufficient to admit or deny these allegations.

12.

Defendant denies the allegations set forth in Paragraph 12 for lack of information sufficient to admit or deny these allegations. Defendant asserts that neither Robert Duemig or William Griesar applied for a marriage license from Multnomah County to marry the other.

13.

In response to Paragraph 13 of the Amended Complaint, Defendant admits all allegations concerning Governor John Kitzhaber contained in the first two sentences. The remainder of Paragraph 13 states a legal conclusion for which no response is necessary.

/// /// ///

/// /// ///

14.

In response to Paragraph 14 of the Amended Complaint, Defendant admits all allegations concerning Attorney General Ellen Rosenblum contained in the first two sentences. The remainder of Paragraph 14 states a legal conclusion for which no response is necessary.

15.

In response to Paragraph 15 of the Amended Complaint, Defendant admits all allegations concerning State Registrar Jennifer Woodward set forth in the first two sentences. The remainder of Paragraph 15 states a legal conclusion for which no response is necessary.

16.

In response to Paragraph 16 of the Amended Complaint, Defendant admits all allegations concerning him contained in the first two sentences. The remainder of Paragraph 16 states a legal conclusion for which no response is necessary.

17.

In response to Paragraph 17 of the Amended Complaint, Defendant denies that he and the other Defendants are responsible for enforcing all Oregon marriage statutes for lack of information with which to admit or deny that particular allegation. Defendant admits that Plaintiffs seek all requested relief as alleged. The remainder of Paragraph 17 states a legal conclusion for which no response is necessary.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

18.

In response to Paragraph 18 of the Amended Complaint, Defendant admits that the *Oregon Family Fairness Act* created domestic partnerships in Oregon, set forth at ORS 106.300-106.340.  Defendant admits that these laws provide many, but not all, of the benefits and obligations of marriage to same-sex partners who register a domestic partnership.

19.

In response to Paragraph 19 of the Amended Complaint, Defendant admits that Oregon's legislative findings supporting the adoption of the *Oregon Family Fairness Act* at ORS 106.305(4) acknowledge that "[t]his state has a strong interest in promoting stable and lasting families, including the families of same-sex couples and their children" and that "[a]ll Oregon families should be provided with the opportunity to obtain necessary legal protection and status and the ability to achieve their fullest potential."

20.

In response to Paragraph 20 of the Amended Complaint, Defendant admits that Oregon domestic partnerships differ from marriage in Oregon as alleged.

21.

Defendant admits that Article 15 §5a of the Oregon Constitution defines marriage as between one man and one woman.

22.

Defendant admits that the Oregon Revised Statutes set forth in Paragraph 22 of the Amended Complaint all refer to "husband" and "wife."  The remainder of Paragraph 22 contains a legal conclusion for which no response is necessary.

Page 7 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

23.

Defendant denies the allegations set forth in Paragraph 23 for lack of information sufficient to admit or deny these allegations.

24.

Defendant denies the allegations set forth in Paragraph 24 for lack of information sufficient to admit or deny these allegations.

25.

Defendant denies the allegations set forth in Paragraph 25 for lack of information sufficient to admit or deny these allegations.

26.

Defendant denies the allegations set forth in Paragraph 26 for lack of information sufficient to admit or deny these allegations.

27.

In response to Paragraph 27, Defendant admits that Plaintiffs Geiger and Nelson applied for a marriage license on or about September 23, 2013 in Multnomah County Oregon.  Defendant admits that no license was issued to Plaintiffs Geiger and Nelson.

28.

Defendant denies the allegations set forth in Paragraph 28 for lack of information sufficient to admit or deny these allegations.

/// /// ///

/// /// ///

/// /// ///

Page 8 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Multnomah County Attorney
501 S.E. Hawthorne Blvd., Rm. 500
Portland, Oregon 97214-3587
(503) 988-3138

29.

Defendant denies the allegations set forth in Paragraph 29 regarding Defendant's future actions for lack of information sufficient to admit or deny these allegations. Defendant admits that Plaintiffs seek relief as alleged.

## ANSWER TO CLAIM ONE: DUE PROCESS

30.

Defendant references and reincorporates here his responses to Paragraphs 1-29, *supra,* of the Amended Complaint.

31.

In response to Paragraph 31 of the Amended Complaint, Defendant admits that Plaintiffs advance the legal argument that Article 15 §5a of the Oregon Constitution violates the Due Process Clause of the United States Constitution, depriving Plaintiffs of fundamental liberties. Defendant asserts that this Court can and should determine whether Article 15 §5a of the Oregon Constitution violates the Due Process Clause of the United States Constitution.

32.

In response to Paragraph 32 of the Amended Complaint, Defendant admits that Plaintiffs advance the legal argument that Article 15 §5a of the Oregon Constitution violates the Due Process Clause of the United States Constitution by denying gay and lesbian individuals the right to choose whom to marry. All legal conclusions in Paragraph 32 are denied. Defendant denies the remaining allegations set forth in Paragraph 32 for lack of information sufficient to admit or deny them.

33.

Paragraph 33 states legal conclusions for which no response is necessary.

34.

Paragraph 34 states legal conclusions for which no response is necessary.

35.

In response to Paragraph 35 of the Amended Complaint, Defendant admits that Plaintiffs advance the argument that Article 15 §5a of the Oregon Constitution and the state statutes specifically cited in the Amended Complaint violate the Due Process Clause of the United States Constitution. The remaining allegations in Paragraph 35 are legal conclusions for which no response in necessary.

## **ANSWER TO CLAIM TWO: EQUAL PROTECTION**

36.

Defendant realleges and reincorporates by reference his responses to Paragraphs 1 though 35, *supra,* of the Amended Complaint.

37.

Defendant admits Plaintiffs state that they are proceeding against Defendants in their official capacities for purposes of seeking declaratory and injunctive relief.

38.

Paragraph 38 of the Amended Complaint states legal conclusions for which no response is necessary.

/// /// ///

/// /// ///

Page 10 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
    TO PLAINTIFFS' FIRST AMENDED COMPLAINT

39.

In response to Paragraph 39 of the Amended Complaint, Defendant admits that Plaintiffs advance a legal argument that Article 15 §5a of the Oregon Constitution and the state statutes identified in the Amended Complaint violate the Equal Protection Clause of the United States Constitution. No response is provided to the legal conclusions set forth in Paragraph 39 because none is necessary. Defendant asserts that this Court can and should determine whether Article 15 §5a of the Oregon Constitution and the designated state statutes violate the Equal Protection Clause of the United States Constitution.

40.

Paragraph 40 of the Amended Complaint contains legal conclusions for which no response is necessary.

41.

Paragraph 41 of the Amended Complaint contains legal conclusions for which no response is necessary.

42.

In response to Paragraph 42 of the Amended Complaint, Defendant denies the allegations contained in the first sentence for lack of information with which to admit or deny them. The remaining allegations contained in the Paragraph 42 are legal conclusions for which no response is necessary.

/// /// ///

/// /// ///

/// /// ///

Page 11 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## ANSWER TO ALLEGATIONS OF IRREPARABLE INJURY

43.

In response to Paragraph 43 of the Amended Complaint, Defendant realleges and reincorporates by reference his responses to Paragraphs 1 though 42, *supra,* of the Amended Complaint.

44.

In response to Paragraph 44 of the Amended Complaint, Defendant admits that Plaintiffs advance a legal argument that Article 15 §5a of the Oregon Constitution violates the Due Process Clause and Equal Protection Clause of the United States Constitution. No response is necessary from Defendant for the legal conclusions set forth in this Paragraph. Defendant denies the remaining allegations set forth in Paragraph 44 for lack of information sufficient to admit or deny these allegations.

45.

In response to Paragraph 45 of the Amended Complaint, no response from Defendant is necessary for the legal conclusions set forth in this Paragraph. Defendant denies the remaining allegations set forth in Paragraph 45 for lack of information sufficient to admit or deny these allegations.

In further Answer to Plaintiffs' Complaint and AS DEFENDANT WALRUFF'S AFFIRMATIVE DEFENSES, Defendant asserts as follows:

46.

**First Affirmative Defense**
(Failure to State a Claim)

Plaintiffs have failed to state a claim upon which relief may be granted.

Page 12 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

47.

## Second Affirmative Defense
(Qualified Immunity)

Defendant Walruff is qualifiedly immune from suit because he violated no clearly established rights of which a reasonable person would have known.

48.

## Third Affirmative Defense
(Statute of Limitations)

Plaintiffs' claims are outside the applicable statute of limitations and are therefore expired.

49.

## Fourth Affirmative Defense
(Ripeness/Mootness)

Plaintiffs' claims may not be justiceable for mootness and/or lack of ripeness.

50.

## Fifth Affirmative Defense
(Immunity)

Defendant is entitled to immunity from suit because, due to the current state of the law, he cannot issue marriage licenses to same sex couples without violating the Oregon Constitution and ORS 106.110, which makes it a violation of law to issue marriage licenses to individuals other than as a husband and a wife.

WHEREFORE, Defendant Walruff respectfully requests that this Court grant any and all relief the Court determines to be just and proper.  Defendant Walruff also respectfully requests that he not be ordered to pay any attorney's fees to Plaintiffs should they prevail in this action.

Page 13 – DEFENDANT RANDY WALRUFF'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

None of Oregon's 36 counties issue marriage licenses to same-sex couples. Multnomah County issued marriage licenses to same-sex couples until receiving clear direction to stop from the courts and the electorate; now, as a matter of equity, Multnomah County, by and through Defendant Walruff, should not be ordered to pay fees. The County is not the cause-in-fact of any harm to Plaintiffs.

Defendant Walruff reserves the right to add further affirmative defenses as discovery commences.

DATED this 23rd day of December, 2013.

Respectfully submitted,

JENNY M. MADKOUR, COUNTY ATTORNEY
FOR MULTNOMAH COUNTY, OREGON

**/s/ Katharine von Ter Stegge**
_____
Jenny M. Madkour, OSB No. 98298
County Attorney
Katharine von Ter Stegge, OSB No. 032300
  Of Attorneys for Defendant Walruff