**Thomas R. Johnson**, OSB No. 010645
TRJohnson@perkinscoie.com
**Kristina J. Holm**, OSB No. 112607
KJHolm@perkinscoie.com
**Misha Isaak**, OSB No. 086430
MIsaak@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

**Jennifer Middleton**, OSB No. 071510
JMiddleton@jjlslaw.com
JOHNSON JOHNSON & SCHALLER PC
975 Oak Street, Suite 1050
Eugene, OR 97401
Telephone: 541.683.2506
Facsimile: 541.484.0882

**Kevin Díaz**, OSB No. 970480
KDiaz@aclu-or.org
ACLU FOUNDATION OF OREGON, INC.
P.O. Box 40585
Portland, OR 97240
Telephone: 503.227.6928
Facsimile: 503.227.6948

**Rose Saxe**, *pro hac vice*
RSaxe@aclu.org
**Amanda Goad**, *pro hac vice*
AGoad@aclu.org
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212.549.2627
Facsimile: 212.549.2650

Cooperating attorneys on behalf of the
ACLU Foundation of Oregon, Inc.

Attorneys for Plaintiffs Rummell, West, Chickadonz, Tanner, and Basic Rights Education Fund

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| PAUL RUMMELL and BENJAMIN WEST; LISA CHICKADONZ and CHRISTINE TANNER; BASIC RIGHTS EDUCATION FUND,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOHN KITZHABER, in his official capacity as Governor of Oregon; ELLEN ROSENBLUM, in her official capacity as Attorney General of Oregon; JENNIFER WOODWARD, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority, and RANDY WALRUFF, in his official capacity as Multnomah County Assessor,<br><br>*Defendants*. | No. 6:13-cv-02256-TC<br><br>**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**<br><br>By Plaintiffs Paul Rummell, Benjamin West, Lisa Chickadonz, Christine Tanner, and Basic Rights Education Fund |

1- **REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**
LEGAL28993829.2

| | |
|---|---|
| DEANNA L. GEIGER and JANINE M. NELSON; ROBERT DUEHMIG and WILLIAM GRIESAR,<br><br>*Plaintiffs*,<br><br>v.<br><br>JOHN KITZHABER, in his official capacity as Governor of Oregon; ELLEN ROSENBLUM, in her official capacity as Attorney General of Oregon; JENNIFER WOODWARD, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority, and RANDY WALRUFF, in his official capacity as Multnomah County Assessor,<br><br>*Defendants*. | No. 6:13-cv-01834-MC |

## INTRODUCTION

Plaintiffs Rummell, West, Chickadonz, Tanner, and Basic Rights Education Fund (collectively, the "Rummell plaintiffs") have moved to consolidate two actions that involve "common question[s] of law [and] fact." Fed. R. Civ. P. 42(a)(2). Specifically, in both actions, the plaintiffs seek the same relief — the freedom to marry in Oregon — against the same defendants. Both cases present substantially similar legal and factual issues for decision.

The defendants do not oppose consolidation. While plaintiffs Geiger, Nelson, Duehmig, and Griesar (collectively, the "Geiger plaintiffs") oppose the motion to consolidate, they do not dispute that consolidation of the cases would promote judicial economy, avoid duplication of effort for the parties and the Court, and avoid conflicting outcomes. Instead, the Geiger plaintiffs claim that potential delay caused by consolidation would be unfair to them. As discussed below, the delay caused by consolidation, if any, would be minimal and would not be prejudicial to any

2- **REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**
LEGAL28993829.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

party. The most efficient way of handling of these two parallel cases is to put them on a single, consolidated track.

## DISCUSSION

### I. Consolidation Will Not Cause Significant Delay or Other Prejudice

Consolidation will not cause significant delay. At most, it will minimally delay resolution of the Geiger case, and will hasten resolution of the Rummell case. The Rummell plaintiffs filed their complaint and this motion at an early stage of the Geiger case: a mere two weeks after the Geiger plaintiffs filed an amended complaint, one week after the State defendants filed their answer, and before defendant Walruff filed his answer. Now, one month later, the Geiger plaintiffs have filed a motion for summary judgment. The Rummell plaintiffs are prepared to follow with their own summary judgment motion in three weeks. Counsel for the Rummell plaintiffs have conferred with counsel for defendants on an appropriate briefing schedule, and, subject to the Court's approval, they have agreed to the following:

February 10    Rummell motion for summary judgment

March 10    Consolidated responses to Rummell and Geiger motions

March 24    Rummell and Geiger replies[1]

This schedule avoids duplication of effort because it provides only one set of response briefs to address the arguments of the Rummell and Geiger motions.

The Geiger plaintiffs may protest that this schedule concludes briefing four weeks after the schedule they proposed, but such a delay is not prejudicial to the parties or "unfair."[2] In the life of an important federal court case, a four-week delay is not significant. In *Hanson v. District*

---

[1] Defendants condition their agreement to this schedule on consolidation being granted.

[2] The Geiger plaintiffs say that the Rummell plaintiffs and their counsel were aware of the Geiger plaintiffs' preparation of this case in August 2013. But they do not explain how this awareness results in substantial delay or prejudice, or otherwise relates to the factors considered on a motion to consolidate. As discussed, the delay here would be minimal at most, and certainly not prejudicial. Further, the Geiger plaintiffs do not say on what basis they infer that Mr. Rummell, Mr. West, Ms. Chickadonz, or Ms. Tanner knew about the suit before it was filed.

3- **REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**
LEGAL28993829.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

*of Columbia*, 257 F.R.D. 19 (D.D.C. 2009), a federal district court consolidated two cases challenging the constitutionality of gun-control laws in Washington, DC.  The first case was filed on July 28, 2008; the second case was filed almost a year later, on March 9, 2009.  The Court nonetheless consolidated the cases, rejecting the claim that consolidation would cause delay, holding that "any delay caused to the plaintiffs would not be significant, as both cases are still in their nascent stages." *Id.* at 22.  While courts have denied consolidation when two actions were filed years apart and consolidation was sought on the eve of trial in the earlier-filed action, there are no similar facts here.  *Compare Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989); *Prudential Ins. Co. of America v. Marine Nat'l Exchange Bank*, 55 F.R.D. 436, 437-38 (E.D. Wis. 1972) ("[T]he two actions are at substantially different stages of preparation."). Research has not uncovered any case in which consolidation was denied on account of a four-week difference in summary judgment briefing, or anything close.[3]

## II.   Consolidation Would Save the Court and Parties Time and Effort

Consolidation promotes judicial economy and avoids duplication of effort for the Court and the parties.  Consolidation will eliminate the waste of two parallel actions, two sets of summary judgment briefs, and two (or more)[4] judges passing upon the same legal issues. Consolidation also has the benefit of "prevent[ing] conflicting outcomes in cases involving similar legal and factual issues," *In re TMI Litigation*, 193 F.3d 613, 724 (3d Cir. 1999) (internal quotation omitted), a particularly significant consideration in cases with such public importance as these.

---

[3] The cases cited by the Geiger plaintiffs are not to the contrary.  For instance, in *Ultimate Timing, LLC. v. Simms*, No. 2:08-01632-MJP, 2010 WL 1881868 (W.D. Wash. May 10, 2010), the court writing on May 10, 2010, noted that one case was "set for trial in a few weeks time," while the other case would not complete discovery until January 7, 2011 — eight months later.  *Id.* at *2.  The court denied consolidation based on substantial "differences in trial preparedness." *Id.*

[4] The Rummell action is currently assigned to Magistrate Judge Coffin.  If the cases are not consolidated, and the Rummell action stays before Judge Coffin, his orders will be appealable to a district judge, which will create an additional inefficiency.

4-  **REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**
LEGAL28993829.2

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**III.    The State's Concerns Relating to the Complaint are Resolved**

Counsel for the Rummell plaintiffs and the State defendants have worked together productively to resolve the State defendants' prior concerns about the specificity of the prayer for relief in the Rummell plaintiffs' complaint. This week, the Rummell plaintiffs will file an amended complaint making a small modification to their prayer for relief (but not substantive allegations). This amendment will not delay summary judgment briefing.

## CONCLUSION

For the foregoing reasons, the Rummell plaintiffs respectfully request that the Court grant consolidation.

5-    **REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**
LEGAL28993829.2

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

| | |
|---|---|
| DATED: January 20, 2013 | s/ *Thomas R. Johnson* |
| | **Thomas R. Johnson**, OSB No. 010645 |
| | TRJohnson@perkinscoie.com |
| | **Kristina J. Holm**, OSB No. 112607 |
| | KJHolm@perkinscoie.com |
| | **Misha Isaak**, OSB No. 086430 |
| | MIsaak@perkinscoie.com |
| | Perkins Coie LLP |
| | Telephone: 503.727.2000 |

**Jennifer Middleton**, OSB No. 071510
JMiddleton@jjlslaw.com
Johnson Johnson & Schaller PC
Telephone: 541.683.2506

Cooperating attorneys on behalf of the
ACLU Foundation of Oregon, Inc.

**Kevin Díaz**, OSB No. 970480
KDiaz@aclu-or.org
ACLU Foundation of Oregon, Inc.
Telephone: 503.227.6928

**Rose Saxe**, *pro hac vice*
RSaxe@aclu.org
American Civil Liberties Union Foundation
Telephone: 212.549.2627

**Amanda Goad**, *pro hac vice*
AGoad@aclu.org
American Civil Liberties Union Foundation
Telephone: 213.977.5244

Attorneys for Plaintiffs Rummell, West, Chickadonz, Tanner, and Basic Rights Education Fund

6- **REPLY IN SUPPORT OF MOTION TO CONSOLIDATE**
LEGAL28993829.2

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222