Roger K. Harris (OSB No. 78046)
HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
(503) 968-1475; (503) 968-2003 Fax
roger@hbclawyers.com

John C. Eastman (Cal. Bar No. 193726)*
CENTER FOR CONSTITUTIONAL JURISPRUDENCE
c/o Chapman University Fowler School of Law
One University Dr.
Orange, CA 92866
(877) 855-3330; (714) 844-4817 Fax
jeastman@chapman.edu

  * Application for Admission Pro Hac Vice pending

Attorneys for Proposed Intervenor

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DEANNA L. GEIGER**, **JANINE M. NELSON, ROBERT DUEHMIG** and **WILLIAM GRIESAR**,<br><br>                   *Plaintiffs*,<br>v.<br><br>**JOHN KITZHABER**, in his official capacity as Governor of Oregon; **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon; **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority; and **RANDY WALDRUFF**, in his official capacity as Multnomah County Assessor,<br>                  *Defendants*, | Case No.: 6:13-cv-01834-MC (Lead Case)<br>Case No.: 6:13-cv-02256-MC (Trailing Case)<br><br>INTERVENOR'S PROPOSED ANSWER TO GEIGER PLAINTIFFS' FIRST AMENDED COMPLAINT |

and

**NATIONAL ORGANIZATION FOR MARRIAGE, INC.**, on behalf of their Oregon members,

        *Proposed Intervenor*.

---

**PAUL RUMMELL** and **BENJAMIN WEST; LISA CHICKADONZ** and **CHRISTINE TANNER; BASIC RIGHTS EDUCATION FUND**,

        *Plaintiffs*,

v.

**JOHN KITZHABER**, in his official capacity as Governor of Oregon; **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon; **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority; and **RANDY WALDRUFF**, in his official capacity as Multnomah County Assessor,

        *Defendants*,

and

**NATIONAL ORGANIZATION FOR MARRIAGE, INC.**, on behalf of their Oregon members,

        *Proposed Intervenor*.

Pursuant to FRCP 24(c) Intervenor, NATIONAL ORGANIZATION FOR MARRIAGE, INC. ("Intervenor"), submits its pleading in answer to the Geiger Plaintiffs' First Amended Complaint, setting out the defenses and claims for which intervention is sought which is attached hereto as Exhibit A and incorporated herein by this reference. This submission is filed contemporaneously with its Motion to Intervene Pursuant to FED. R. CIV. P. 24, Memorandum

in Support of Motion to Intervene and Declaration of Brian S. Brown. Upon the court's order allowing intervention the attached responsive pleading will be filed.

Dated this 21st of April, 2014.            s/ Roger K. Harris
                                                    Roger K. Harris (OSB No. 78046)
                                                    HARRIS BERNE CHRISTENSEN LLP

                                                    John C. Eastman (Cal. Bar No. 193726)*
                                                    CENTER FOR CONSTITUTIONAL JURISPRUDENCE

                                                    Attorneys for Intervenor
                                                    National Organization for Marriage,
                                                    on behalf of its Oregon members

                                                    * Pro Hac Vice Application pending

Roger K. Harris (OSB No. 78046)
HARRIS BERNE CHRISTENSEN LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
(503) 968-1475; (503) 968-2003 Fax
roger@hbclawyers.com

John C. Eastman (Cal. Bar No. 193726)*
CENTER FOR CONSTITUTIONAL JURISPRUDENCE
c/o Chapman University Fowler School of Law
One University Dr.
Orange, CA 92866
(877) 855-3330; (714) 844-4817 Fax
jeastman@chapman.edu
  * Application for Admission Pro Hac Vice pending

Attorneys for Proposed Intervenor

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **DEANNA L. GEIGER**, **JANINE M. NELSON, ROBERT DUEHMIG** and **WILLIAM GRIESAR**,<br>                            *Plaintiffs*,<br>v.<br>**JOHN KITZHABER**, in his official capacity as Governor of Oregon; **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon; **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority; and **RANDY WALDRUFF**, in his official capacity as Multnomah County Assessor,<br>                            *Defendants*, | Case No.: 6:13-cv-01834-MC (Lead Case)<br>Case No.: 6:13-cv-02256-MC (Trailing Case)<br><br>INTERVENOR'S ANSWER TO GEIGER PLAINTIFFS' FIRST AMENDED COMPLAINT |

**EXHIBIT A**
**Page 1 of 11**

PROPOSED INTERVENOR'S ANSWER TO GEIGER PLAINTIFFS' FIRST AMENDED COMPLAINT - 1

and

**NATIONAL ORGANIZATION FOR MARRIAGE, INC.**, on behalf of their Oregon members,

        *Proposed Intervenor*.

---

**PAUL RUMMELL** and **BENJAMIN WEST; LISA CHICKADONZ** and **CHRISTINE TANNER; BASIC RIGHTS EDUCATION FUND**,

        *Plaintiffs*,

v.

**JOHN KITZHABER**, in his official capacity as Governor of Oregon; **ELLEN ROSENBLUM**, in her official capacity as Attorney General of Oregon; **JENNIFER WOODWARD**, in her official capacity as State Registrar, Center for Health Statistics, Oregon Health Authority; and **RANDY WALDRUFF**, in his official capacity as Multnomah County Assessor,

        *Defendants*,

and

**NATIONAL ORGANIZATION FOR MARRIAGE, INC.**, on behalf of their Oregon members,

        *Proposed Intervenor*.

---

Proposed Intervenor National Organization for Marriage, Inc. ("NOM") responds to the allegations stated in the *Geiger* plaintiffs' First Amended Complaint for Declaratory, Injunctive, or Other Relief as set forth below. References to paragraphs in this Answer are references to the numbered paragraphs in the First Amended Complaint.

## INTRODUCTION

1. In response to paragraph 1, NOM admits that Article 15, § 5a of the Oregon Constitution states that "It is the policy of Oregon, and its political subdivisions, that only a

**EXHIBIT A**
**Page 2 of 11**

PROPOSED INTERVENOR'S ANSWER TO GEIGER PLAINTIFFS' FIRST AMENDED COMPLAINT - 2

marriage between one man and one woman shall be valid or legally recognized as marriage." The balance of paragraph 1 states conclusions of law and not factual allegations to which an answer is required. Nevertheless, NOM denies that the provision discriminates against gay and lesbian Oregonians on the ground that same-sex relationships and opposite-sex relationships are not similarly situated with respect to one of the core purposes of marriage that has historically been advanced by the State of Oregon and is inherent in the definition of marriage contained in Article 15, § 5a of the Oregon Constitution.

2. NOM admits that same-sex couples may not legally wed in Oregon, under existing law. The balance of paragraph 2 consists of legal conclusions, to which no response is required and none is made.

3. In response to paragraph 3, NOM admits that Oregon statutory law provides for same-sex couples to register as domestic partners. NOM admits that domestic partners have many of the same legal benefits as married couples. The balance of paragraph 3 states conclusions of law to which no response is required. Nevertheless, NOM denies that same-sex domestic partnerships are a "separate and unequal institution." NOM denies that the creation of domestic partnerships constitutes "unequal treatment of gay and lesbian people." NOM denies that Oregon denies gays and lesbians fundamental liberties and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution.

4. Paragraph 4 describes the relief sought. NOM admits that plaintiffs seek this relief, but denies that the stated reasons warrant the relief requested.

5. In response to paragraph 5, NOM admits that plaintiffs assert that they are same-sex couples. NOM admits that plaintiffs brought this action pursuant to 42 U.S.C. § 1983 seeking a declaration that Article 15 §5a of the Oregon Constitution is unconstitutional and a permanent

injunction preventing its enforcement. The balance of paragraph 5 alleges legal conclusions, to which no answer is required. Nevertheless, NOM denies that Article 15 §5a of the Oregon Constitution violates either the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment.

      6. Paragraph 6 further describes the nature of this lawsuit and the relief sought. NOM admits that plaintiffs seek this relief. The balance of paragraph 6 alleges legal conclusions, to which no answer is required. Nevertheless, NOM denies that Article 15 §5a of the Oregon Constitution violates either the Due Process Clause or the Equal Protection Clause of the Fourteenth Amendment.

      7. Paragraph 7 further describes the nature of this lawsuit and the relief sought. NOM admits that plaintiffs seek to redefine marriage to encompass same-sex relationships. The balance of paragraph 7 alleges legal conclusions, to which no answer is required and none is made.

      8. Paragraph 8 further describes the nature of this lawsuit and the relief sought. NOM admits that plaintiffs seek this relief. The balance of paragraph 8 alleges legal conclusions, to which no answer is required. Nevertheless, NOM denies that what plaintiffs seek is a fundamental constitutional right and liberty.

## JURISDICTION AND VENUE

      9. Paragraph 9 alleges legal conclusions, to which no answer is required and none is made. Except as set forth in its Affirmative Defense, NOM does not contest the Court's jurisdiction over this case.

      10. In response to paragraph 10, NOM admits that Defendants Rosenblum and Kitzhaber maintain official offices in Marion County, Oregon, and that a substantial part of the events

**EXHIBIT A**
**Page 4 of 11**

PROPOSED INTERVENOR'S ANSWER TO GEIGER PLAINTIFFS' FIRST AMENDED COMPLAINT - 4

giving rise to the claims occurred and are continuing to occur in the District of Oregon. The balance of paragraph 10 alleges legal conclusions, to which no answer is required and none is made. NOM does not dispute that venue is proper.

### THE PARTIES

11. NOM admits that plaintiffs wish to redefine marriage in Oregon so that it encompasses their same-sex relationships. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the balance of paragraph 11.

12. NOM denies that Plaintiffs Duehmig and Griesar were "married" in Canada in 2003, on the ground that under Oregon law, "only a marriage between one man and one woman shall be . . . legally recognized as marriage." NOM denies that plaintiffs Duehmig and William Griesar, two men, can together be "parents" of two teenagers, or any children, as it is a biological impossibility. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the remaining allegations of paragraph 12.

13. NOM admits the first two sentences of paragraph 13. NOM admits that it is the Governor's responsibility to enforce the laws of Oregon, including Article 15 §5a of the Oregon Constitution. The balance of paragraph 13 alleges legal conclusions, to which no answer is required and none is made.

14. NOM admits the first two sentences of paragraph 14. NOM admits that it is the Attorney General's responsibility to enforce the laws of Oregon, including Article 15 §5a of the Oregon Constitution. The balance of paragraph 14 alleges legal conclusions, to which no answer is required and none is made.

15. NOM admits the first sentence of paragraph 15. NOM admits that it is the duty of the State Registrar of Oregon to record all marriages *performed in accordance with Oregon law* in

the vital statistic records for the State of Oregon.  The balance of paragraph 15 alleges legal conclusions, to which no answer is required and none is made.

16. NOM admits the first sentence of paragraph 16. NOM admits that Defendant Waldruff is responsible for maintaining vital records of marriages and issuing marriage licenses *in accordance with Oregon law* in Multnomah County, Oregon.  The balance of paragraph 16 alleges legal conclusions, to which no answer is required and none is made.

17. The first sentence of paragraph 17 states legal conclusions, to which no answer is required. The balance of paragraph 17 describes the relief sought.

## FACTS

18. NOM admits that the Oregon Family Fairness Act ("the Act") created a new domestic partnership status for same-sex couples, and admits that a registered domestic partners under the Act have many of the same legal benefits as married couples.  NOM denies that the Act "created a separate and unequal institution."  The balance of paragraph 18 alleges legal conclusions, to which no answer is required and none is made.

19. Paragraph 19 quotes portions of ORS 106.305, the terms of which speak for themselves.

20. In response to paragraph 20, NOM admits that the Act's provisions differ from certain provisions in Oregon marriage statutes. Those statutes speak for themselves.  NOM denies that the Act created "a separate and unequal legal framework."

21. NOM admits that Article 15 § 5a of Oregon's Constitution defines marriage as between one man and one woman.

22. Paragraph 22 consists of a list of statutes and legal conclusions, to which no answer is required and none is made. The statutes speak for themselves.

23. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations of paragraph 23.

24. NOM denies that plaintiffs are identical to opposite-sex couples in all of the characteristics relevant to marriage. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the remainder of paragraph 24. The last sentence of paragraph 24 describes the relief sought, to which no answer is required.

25. NOM denies that Oregon's marriage laws are "discriminatory." The remainder of Paragraph 25 alleges legal conclusions, to which no answer is required and none is made.

26. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the first sentence in paragraph 26. Even if the facts are as stated, NOM denies that Plaintiffs Duehmig and Griesar are "married" in Oregon, on the ground that under Oregon law, "only a marriage between one man and one woman shall be . . . legally recognized as marriage." NOM denies that Plaintiffs Duehmig and Griesar are "legally married" under Oregon law. NOM admits that Article 15 § 5a of the Oregon Constitution prevents State officials from recognizing the relationship of Plaintiffs Duehmig and Griesar as a marriage. The remainder of paragraph 26 describes the relief sought, to which no answer is required.

27. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations of paragraph 27.

28. NOM is without sufficient knowledge or information to either admit or deny and, therefore, denies the allegations of paragraph 28.

29. NOM admits that state officials, included in the named Defendants, have legal obligations to enforce and carry out Oregon laws and the Oregon Constitution, absent a court order to the contrary. NOM denies that Oregon's marriage laws are unconstitutional or that

enforcing them deprives Plaintiffs of their constitutional rights under the Fourteenth Amendment to the United States Constitution.  The balance of paragraph 29 describes the relief sought or states legal conclusions; no response is required, and none is made.

### (CLAIM ONE: DUE PROCESS)

30. NOM repeats and incorporates its responses to paragraphs 1-29 above.

31. Paragraph 31 alleges legal conclusions, to which no answer is required.  Nevertheless, NOM denies that Article 15 § 5a of the Oregon Constitution deprives Plaintiffs of fundamental liberties protected by the Due Process Clause.

32. Paragraph 32 alleges legal conclusions, to which no answer is required.  Nevertheless, NOM denies that Article 15 § 5a of the Oregon Constitution deprives Plaintiffs of fundamental liberties protected by the Due Process Clause.

33. Paragraph 33 alleges legal conclusions, to which no answer is required and none is made.

34. Paragraph 34 alleges legal conclusions, to which no answer is required.  Nevertheless, NOM denies that Defendants deprive Plaintiffs of any rights secured by the Fourteenth Amendment to the United States Constitution by enforcing Oregon's marriage laws.

35. Paragraph 35 alleges legal conclusions, to which no answer is required.  Nevertheless, NOM denies that Article 15 § 5a of the Oregon Constitution and related state laws identified by Plaintiffs violate the due process clause of the Fourteenth Amendment, either facially or as applied.

### (CLAIM TWO: EQUAL PROTECTION)

36. NOM responds to paragraph 36 as admitted, denied or otherwise addressed in paragraphs 1-35 above.

37. Paragraph 37 states the legal relief sought. No answer is required and none is made.

38. Paragraph 38 alleges legal conclusions, to which no answer is required. Nevertheless, NOM denies that Article 15 § 5a of the Oregon Constitution and related state laws identified by Plaintiffs violate Plaintiffs' right to equal protection of the laws or discriminate impermissibly on the basis of sexual orientation.

39. Paragraph 39 alleges legal conclusions, to which no answer is required. Nevertheless, NOM denies that Article 15 § 5a of the Oregon Constitution and related state laws identified by Plaintiffs violate the equal protection guarantee of the Fourteenth Amendment, either facially or as applied to Plaintiffs.

40. Paragraph 40 alleges legal conclusions, to which no answer is required. Nevertheless, NOM denies Oregon's definition of marriage as between one man and one woman treats similarly situated people differently without legal justification. NOM denies that same-sex and opposite-relationships are "similarly situated" with respect to at least one of the policy purposes of marriage advanced by Oregon's marriage laws.

41. Paragraph 41 alleges legal conclusions, to which no answer is required. Nevertheless, NOM denies that Oregon's marriage laws discriminate on the basis of sex or that they violate the Equal Protection Clause.

42. Paragraph 42 alleges legal conclusions, to which no answer is required. Nevertheless, NOM denies that Oregon's long-standing definition of marriage stigmatizes anyone, or that Defendants are depriving Plaintiffs of any rights secured by the Fourteenth Amendment to the United States Constitution.

/ / /

/ / /

**(IRREPARABLE INJURY)**

43. NOM responds to paragraph 43 as admitted, denied, or otherwise addressed in paragraphs 1-42 above.

44. Paragraph 44 alleges legal conclusions, to which no answer is required.  Nevertheless, NOM denies that Plaintiffs are injured by Oregon's marriage laws, or that those laws violate either the Due Process or Equal Protection Clauses of the Fourteenth Amendment.

45. In response to Paragraph 45, NOM denies that Defendants are currently enforcing all aspects of Article 15, Section 5a of the Oregon Constitution and related marriage statutes identified by Plaintiffs.  The remainder of Paragraph 45 alleges legal conclusions, to which no answer is required.  Nevertheless, NOM denies that Oregon's marriage laws violate either the Due Process or Equal Protection Clauses of the Fourteenth Amendment.

46. The balance of the complaint describes plaintiffs' requested relief, and alleges legal conclusions, to which no answer is required and none is made.

47. Any allegations not expressly admitted herein are denied.

**FIRST AFFIRMATIVE DEFENSE**

(Lack of Article III Jurisdiction, Collusive Suit)

49. To the extent Defendants fail to contest Plaintiffs' constitutional challenges to Oregon's marriage laws, and absent intervention by some party with standing to defend those

/ / /

/ / /

/ / /

/ / /

/ / /

laws, there is no case or controversy and this Court does not have jurisdiction under Article III of the United States Constitution.

Dated this _____ of April, 2014.

                                          _____
                                          Roger K. Harris (OSB No. 78046)
                                          HARRIS BERNE CHRISTENSEN LLP

                                          John C. Eastman (Cal. Bar No. 193726)*
                                          CENTER FOR CONSTITUTIONAL JURISPRUDENCE

                                          Attorneys for Intervenor
                                          National Organization for Marriage,
                                          on behalf of its Oregon members

                                          * Pro Hac Vice Application pending