IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEANNA L. GEIGER and JANINE M.
NELSON; ROBERT DUEHMIG and
WILLIAM GRIESER,

       Plaintiffs,

       v.

JOHN KITZHABER, in his official capacity
as Governor of Oregon; ELLEN
ROSENBLUM, in her official capacity as
Attorney General of Oregon; JENNIFER
WOODWARD, in her official capacity as
State Registrar, Center for Health Statistics,
Oregon Health Authority, and RANDY
WALRUFF, in his official capacity as
Multnomah County Assessor,

       Defendants.

Case No. 6:13-cv-01834-MC
(lead case)

ORDER

---

PAUL RUMMELL and BENJAMIN WEST;
LISA CHICKADONZ and CHRISTINE
TANNER; BASIC RIGHTS EDUCATION
FUND,

       Plaintiffs,

Case No. 6:13-cv-02256-MC
(trailing case)

1 – OPINION AND ORDER

JOHN KITZHABER, in his official capacity
as Governor of Oregon; ELLEN
ROSENBLUM, in her official capacity as
Attorney General of Oregon; JENNIFER
WOODWARD, in her official capacity as
State Registrar, Center for Health Statistics,
Oregon Health Authority, and RANDY
WALRUFF, in his official capacity as
Multnomah County Assessor,

          Defendants.

          }

MCSHANE, Judge:

Pending before me is a stipulated agreement on attorneys fees and costs for the Geiger

plaintiffs. ECF No. 144. As prevailing parties in this 42 U.S.C. § 1983 action, plaintiffs are

entitled to reasonable fees. § 1988. This agreement follows the original request for fees and

costs, and is a substantial reduction from the original request. Although this is a stipulated

agreement regarding fees, I have an independent duty to review the request. *Gates v.*

*Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992). In determining a reasonable attorney fee, the

court applies the lodestar method to determine the reasonable hourly fee, and then multiple that

by the number of hours the attorney reasonably spent on the case. *Gonzalez v. City of Maywood*,

729 F.3d 1196, 1202 (9th Cir. 2013). "[E]xcessive, redundant, or otherwise unnecessary" hours

are not recoverable. *Id.* at 1203 (quoting *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th

Cir. 2008).

The parties agree that $350 per hour is a reasonable fee for lead attorney Lake Perriguey.

Considering the legal issues involved in this matter, along with Mr. Perriguey's experience, I

agree. The request aligns with the Oregon State Bar survey on fees. I note Mr. Perriguey agreed

2 – OPINION AND ORDER

to a 25% reduction in his total fees. The 285.6 hours expended in this matter of first impression in Oregon are reasonable, with a total payment of $75,000.

Similarly, I agree with the parties that a reduced rate of $300 for Ms. Easton is reasonable, given her experience and the issues involved here. Additionally, Ms. Easton voluntarily marked numerous entries at "NO CHARGE" and the total hours sought are 171.30. The payment of $51,390 is reasonable.

Ms. Teton seeks $6,300 for 36 hours at $175 per hour, which I conclude is reasonable here given Ms. Teton's experience. All of the above requests fall within the Oregon State Bar survery.

The mileage costs of $967.50 are approved.

IT IS SO ORDERED.

DATED this [14]th day of August, 2014.

Michael McShane
United States District Judge

3 – OPINION AND ORDER